THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DONALD WOELFLE,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>AMERICAN FAMILY CONNECT PROPERTY AND/OR IDS PROPERTY CASUALTY INSURANCE COMPANY, *et al.*,<br><br>　　　　　　Defendants. | CASE NO. C21-1073-JCC<br><br>ORDER |

　　This matter comes before the Court on Plaintiff's motion to remand and for attorney fees (Dkt. No. 13). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS in part and DENIES in part Plaintiff's motion for the reasons explained herein.

　　Plaintiff filed a complaint against his insurer, American Family Connect Property and/or IDS Property Casualty Insurance Company ("IDS"), and its Senior Large Loss Claim Representative, John Pavlic, in King County Superior Court. (Dkt No. 1-2 at 6–16.) According to the complaint, Plaintiff tendered a claim to IDS for fire damage to Plaintiff's residential property located in Sequim, Washington. (*Id.* at 8.) Plaintiff alleges that IDS, through Mr. Pavlic, negligently investigated the claim. (*Id.* at 8–11.) The complaint asserts claims against both for,

1  amongst other things, breach of contract, breach of the duty of good faith, negligent claims
2  handling, and violations of Washington's Insurance Fair Conduct and Consumer Protection Acts
3  ("IFCA" and "CPA"). (*Id.* at 11–15.)
4       IDS timely removed, alleging that the Court has diversity jurisdiction pursuant to 28
5  U.S.C. § 1332. (Dkt. No. 1 at 2). In the notice of removal, IDS conceded that both Plaintiff and
6  Mr. Pavlic are Washington residents, but IDS asserted that removal was warranted based upon
7  the fraudulent joinder of Mr. Pavlic. (*Id.* at 2–3.) Specifically, IDS argued that no private right of
8  action exists under Washington law for claims against insurance adjusters "for violations of the
9  CPA, IFCA, negligence or common law bad faith which arises out of their work adjusting an
10 insurance claim." (*Id.* at 3 (citing *Keodalah v. Allstate Insurance Company*, 449 P.3d 1040
11 (Wash. 2019)).)
12      Plaintiff moves to remand and seeks attorney fees. (*See generally* Dkt. No. 13.) Plaintiff
13 argues that the Washington State Supreme Court's *Keodalah* decision does not foreclose claims
14 against Mr. Pavlic based on common law negligence and/or non-per-se CPA violations, nor does
15 it address common law bad faith claims against Mr. Pavlic. (*Id.* at 5–8.) This Court previously
16 addressed these issues in *Fiorito v. Bankers Stand. Ins. Co.*, 2020 WL 4333779, slip op. (W.D.
17 Wash. 2020), and *Bundrick v. Allstate Fire and Cas. Ins. Co.*, 2020 WL 6392738, slip op. (W.D.
18 Wash. 2020). In the absence of intervening holdings, and IDS points to none, the Court adopts
19 those holdings here, and finds that Mr. Pavlic was not fraudulently joined. As a result, remand is
20 warranted.
21      "[A] court may award costs and attorney's fees under § 1447(c) only where the removing
22 party lacked an objectively reasonable basis for seeking removal." *Grancare, LLC v. Thrower by*
23 *and through Mills*, 889 F.3d 543, 552 (9th Cir. 2018). "[T]he degree of clarity in the relevant law
24 at the time of removal is a relevant factor in determining whether a defendant's decision to
25 remove was reasonable." *Id.* As the Court described in *Bundrick*, while it concluded that the
26 Washington State Supreme Court left open the possibility that insurance adjusters may be subject

to a common law duty of good faith, the import of *Keodalah* is not entirely clear, and at least one other judge in this district appears to have interpreted *Keodalah* differently. *See Kolova v. Allstate Ins. Co.*, 438 F. Supp. 3d 1192, 1197 (W.D. Wash. 2020). IDS, therefore, had an objectively reasonable basis for removing. An award of costs and attorney fees is not appropriate.

      For the foregoing reasons, Plaintiff's motion to remand and for attorney fees (Dkt. No. 13) is GRANTED in part and DENIED in part. This matter is remanded to the King County Superior Court. However, no attorney fees are awarded in relation to this order.

DATED this 8th day of October 2021.

*(signature)*

John C. Coughenour
UNITED STATES DISTRICT JUDGE